# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| GONZOLO GOMEZ,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA DEPARTMENT OF BUSINESS AND INDUSTRIAL RELATIONS, *et al.*,<br><br>        Defendants. | Case No. 2:21-cv-01184-GMN-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1) |

Before the Court is pro se plaintiff Gonzolo Gomez's application to proceed *in forma pauperis* (ECF No. 1). Gomez's in forma pauperis application is denied because it is incomplete, but he may refile it.

### DISCUSSION

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938,

940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). If the court determines that an individual's allegation of poverty is untrue, "it shall dismiss the case." 28 U.S.C. § 1915(e)(2).

Gomez's IFP application is incomplete because he left almost the entire application blank. Gomez did not answer most of the questions on the IFP form (he left them blank) regarding whether he receives income related to a pension, inheritance, dividends, or household income from a spouse or whether he owns any assets such as vehicles, real estate, and stocks. (ECF No. 1). Gomez's application also contains contradictions: for example, he admits he pays $800 in either rent or mortgage payments (he does not specify which) and that he pays $250 in car insurance payments in response to question 8, which implies that he owns a vehicle and has not disclosed it to the Court. Plaintiff should also specify whether he makes rent or mortgage payments. Since the plaintiff has left so much of the IFP application blank, the Court cannot determine whether the applicant qualifies for IFP status. The Court will give plaintiff one opportunity to file a complete IFP application.

Plaintiffs' application to proceed in forma pauperis is denied without prejudice. The Court will give plaintiff 30 days to file an updated IFP application. Plaintiff must fully answer all applicable questions and check all applicable boxes. Plaintiff may alternatively pay the filing fee in full. Since the Court denies plaintiff's IFP application, it does not screen his complaint now.

ACCORDINGLY,

IT IS ORDERED that Gomez's application to proceed in forma pauperis (ECF No. 1) is DENIED.

IT IS FURTHER ORDERED that Gomez has until Thursday, August 26, 2021, to file an updated IFP application or pay the filing fee as specified in this order. Failure to timely comply with this Order may result in a recommendation for dismissal with prejudice.

### **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 27th day of July 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE