UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| GONZOLO GOMEZ,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA DEPARTMENT OF BUSINESS AND INDUSTRIAL RELATIONS, *et al*.,<br><br>        Defendants. | 2:21-cv-01184-GMN-VCF<br><br>**ORDER**<br><br>MOTION TO QUASH SERVICE OF PROCESS [ECF No. 9] |

The defendants filed a motion to quash service of process by special appearance. ECF No. 9. I grant the motion.

### I.    Background

On August 24, 2021, I ordered that pro se plaintiff Gonzolo Gomez serve defendants or file a motion for an extension of time to serve the defendants by Monday, November 22, 2021. ECF No. 6. On September 7, 2021, plaintiff filed a document called "Proof of Alternative Service" ("Proof"). ECF No. 8. In the Proof he states that on August 31, 2021, he mailed a copy of the summons and complaint to the defendants by certified mail. *Id.* Defendants argue in their motion to quash that plaintiff's service via certified mail is insufficient under both the Federal and Nevada Rules of Civil Procedure and should be quashed. ECF No. 9 at 2. Gomez did not file a response to the motion and the time to do so has passed.

### II.    Discussion

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 686 (9th Cir. 1988). Although Rule 4 is flexible, "without substantial compliance with rule 4 neither actual notice nor simply naming the defendant in the complaint will provide personal

jurisdiction." *Id.* If the court finds that service was improper, the court may, in it is discretion, elect to dismiss the matter or quash service and require the plaintiff to serve the defendant properly. *Stevens v. Sec. Pac. Nat. Bank*, 538, F.2d 1387, 1389 (9th Cir. 1976). A plaintiff bears the burden to establish the validity of service of process once a defendant challenges service. See *Brockmeyer v. May*, 383 F. 3d 798, 801 (9th Cir. 2004). The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion. Local Rule 7-2(d).

Under Rule 4, a plaintiff may effectuate service by personal service on a defendant, by personally serving that individual with a copy of the summons and complaint, by leaving the summons at the defendant's dwelling or usual place of above with someone of suitable age and discretion who resides there, or by serving an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2). Alternatively, service can be made in accordance with the rules of service for the state district court where is to be made. *Id.* If a party demonstrates that the service methods provided in the Nevada Rules of Civil Procedure are impracticable, the court may upon motion direct that service be accomplished through an alternative service method. Nev. R. Civ. P. 4.4 (b). "A pro se pleading, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff has not met his burden to show that he has served the defendants as required by the rules as he did not file a response to this motion. Also, per our local rules, he has consented to granting this motion. Although plaintiff is pro se, I expect him to follow the rules of this court. Plaintiff's filing of the Proof further demonstrates that service is improper here given that plaintiff, by his own filing, demonstrates that he has not sought to serve the defendants properly under the rules. Plaintiff never moved for alternative service. Even construing plaintiff's Proof liberally as a motion, plaintiff does not

demonstrate that he ever attempted any other service method, never mind demonstrate that service was impractical.

Accordingly,

I ORDER that the defendants' motion to quash service of process (ECF No. 9) is GRANTED.

I FURTHER ORDER, sua sponte, that plaintiff's deadline to serve the defendants, or file a motion for an extension of time to serve the defendants, is EXTENDED to Friday, January 21, 2022. Failure to comply with this deadline could result in dismissal.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 19th day of October 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE